Seawell, j.
The Question which arises in this cáse Is; whether the libel stated in the indictment constitutes per se a libel ? If it does, it being charged to be written of and concerning Elizabeth Holt, by the Defendant, the State would be entitled to Judgment; and it seems to me a very plain case*
Wherever the indictment charges the Defendant with the writing or publishing of a libel of and concerning another, and the libel when set forth of itself contains clear, Unambiguous, libellous matter—that is, something representing the person of whom written, in a disgraceful or ridiculous manner, all other allegations, would be useless and cumbersome verbiage : But if the matter be only by way of allusion, or reference, or ironical, then,although the Whole world might put the same construction upon itj yet as this construction is by understanding something not expressed, this fact or thing so understood,, must be *272 stated in the indictment by way of introduction, and must be P°*nted at by explanatory inuendoes. The indictment in the present case contains nothing introductory by way of informing ns^what it was the Defendant intended should be understood that Elizabeth Holt had been guilty of, and consequently no inuendo if used could enlarge or in any manner qualify the import of the words of the libel. The libel itself represents that Elizabeth Holt was seen bu ily engaged with a negro boy ; these, words of themselves import no criminality, nor do they represent Elizabeth Holt in a ridiculous light, except by understanding them to mean something not expressed—and though the whole world might understand the writing to mean the same thing, yet before the Defendant can be punished for the imputation itnplied, the Jury must say that such was his meaning— when they have said so, then the Court judicially knows it, and can proceed to i Tu t the punishment he so richly deserves ; but the Jury cannot take cognizance that such Was the party’s meaning unless it be averred so upon the record. This doctrine is fully stated by Chief Justice De Grey in the King v. Horne.
I confess I had no doubt upon this case at the trial, as I then expressed, and only brought it to this Court in deference to the opinion of the Solicitor Generál. There must be Judgment for the Defendant.